**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SANDRA B. TOODLE, et al, )
)
Plaintiffs, )
)
v. ) 02: 09-cv-0944
)
GERALDINE TURNER JONES, )
J. QUINTINE SLEDGE, )
PRINCE CHARLES OF WHALES, )
ANTOINE SEBASTIAN JONES, )
ANITA JOHNSON, and )
DR. JOHN SMITH, et al, )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

On July 20, 2009, Plaintiff Sandra B. Toodle, a non-prisoner proceeding *pro se*, initiated this action by filing a Motion for Leave to Proceed In Forma Pauperis. By Order dated July 21, 2009, the Motion was granted by the Court and the handwritten Complaint was filed.

While 28 U.S.C. § 1915 authorizes litigants like Ms. Toodle to proceed in forma pauperis ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The Court is, thus, obligated to preliminary review each IFP plaintiff's case under the § 1915(e) factors. To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat

of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble,* 429 U.S. 97, 97 (1976). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) *(quoting Neitzke*, 490 U.S. at 327-329).

A review of the Complaint in this case reveals that Plaintiff makes fanciful, fantastic and/or delusional claims against various individuals. For example, Plaintiff alleges that she and her family were "made to wear oricles (sic) in their heads and used for pornography. Afterward they were dumped like trash. . . . Yvonne Boykin Buford, and Felicia Boykin, my sister, and her daughter were buried without heads . . . . My uncle William Sledloe from Flint, Michigan signed for the bodies to be buried without a police report filed. . . ."

The Court finds that there is no logical construction of the Complaint from which to derive a viable claim against the named Defendants. Plaintiff's allegations are fanciful,

fantastic, and delusional and it is clear that the deficiencies of the complaint could not be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to docket this case closed.

So **ORDERED** this 23rd day of July, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Sandra B. Toodle
905 Watson Street
Pittsburgh, PA 15219
(via U.S. Mail and Certified Mail,
Return Receipt Requested)